RECEIVED

16 JUL 19 PM 3: 23

CITY OF SEATTLE
MAYOR'S OFFICE

IN THE SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| JIMI M. BELLINGER, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) **SUMMONS** |
| vs. | ) |
| | ) |
| The STATE OF WASHINGTON; SEATTLE CENTRAL COMMUNITY COLLEGE; the CITY OF SEATTLE; MARTY A. MALONE, TAMMY B. FRAME, and SERGEANT RENNER, employees of the Seattle Police Department; JOEL J. WORKINGER, employee of Seattle Central Community College; and DOES I THROUGH X, inclusive, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**TO:   CITY OF SEATTLE**

A lawsuit has been started against you in the above-entitled court.

Plaintiff's claims are stated in the written Complaint for Damages, a copy of which is served upon you with this Summons.

SUMMONS - 1
BELLINGER V. CITY OF SEATTLE, ET AL.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within 20 days after the service of this Summons, or within 60 days if this Summons was served outside the State of Washington, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what has been asked for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered. A copy of your answer and all other responsive pleadings must be filed with the Court.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

THIS SUMMONS is issued pursuant to Civil Rule 4, Rules for Superior Court, State of Washington.

DATED this 14th day of July, 2016.

CIVIL RIGHTS JUSTICE CENTER, PLLC

*/s/ Darryl Parker*
Darryl Parker, WSBA #30770
dparker@civilrightsjusticecenter.com

SUMMONS - 2
BELLINGER V. CITY OF SEATTLE, ET AL.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

RECEIVED
16 JUL 19 PM 3: 24
CITY OF SEATTLE
MAYOR'S OFFICE

IN THE SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| JIMI M. BELLINGER,<br><br>      Plaintiff,<br><br>vs.<br><br>The STATE OF WASHINGTON; SEATTLE CENTRAL COMMUNITY COLLEGE; the CITY OF SEATTLE; MARTY A. MALONE, TAMMY B. FRAME, and SERGEANT RENNER, employees of the Seattle Police Department; JOEL J. WORKINGER, employee of Seattle Central Community College; and DOES I THROUGH X, inclusive,<br><br>      Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>(Civil Rights, Personal Injury, Jury Trial Demanded) |

## INTRODUCTION

1. This is an action for damages sustained by a resident of Burien, Washington against the State of Washington, Seattle Central Community College, the City of Seattle, and three of its police officers who, through their intentional conduct and reckless and conscious

**COMPLAINT FOR DAMAGES - 1**
BELLINGER V. CITY OF SEATTLE, ET AL.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

disregard for the Fourth and Fourteenth Amendments, have caused plaintiff Jimi M. Bellinger to suffer deprivation of his liberty, and mental and emotional distress.

## VENUE

2.  All of the unlawful acts and practices alleged herein occurred in the City of Seattle, within King County. Thus, the Seattle Courthouse is the appropriate forum for this matter.

## PARTIES

3.  Plaintiff Jimi M. Bellinger is an adult African American male citizen of the United States and a resident of the State of Washington.

4.  Defendant Seattle Central Community College is a public college funded by, duly organized by, and existing under the laws of the State of Washington.

5.  Defendant City of Seattle, is now, and at all times mentioned herein was, a governmental entity and a political subdivision of the State of Washington, duly organized and existing under the laws of the State of Washington.

6.  Defendant Joel J. Workinger is a security guard for Seattle Central Community College and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by Seattle Central Community College.

7.  Defendant Marty A. Malone is an officer with the Seattle Police Department and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by the City of Seattle.

8.  Defendant Tammy B. Frame is an officer with the Seattle Police Department and, in doing the things complained of herein, was acting under color of law and within the course and scope of her employment by the City of Seattle.

COMPLAINT FOR DAMAGES - 2
BELLINGER V. CITY OF SEATTLE, ET AL.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

9. Defendant Sergeant Renner is an officer with the Seattle Police Department and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by the City of Seattle.

10. Defendants Does 1 through X, in doing the things complained of herein, were acting under color of law and within the course and scope of their employment by the State of Washington, the Seattle Police Department, the City of Seattle, and/or Seattle Central Community College.

11. Each defendant is, and at all times herein mentioned was, an agent of the other and acting within the course and scope of that agency in causing the harm as herein alleged.

## ADMINISTRATIVE PROCEEDINGS

12. Within the statutory time period, on April 21, 2016, plaintiff filed a tort claim, arising out of the events alleged herein, against the State of Washington and Seattle Central Community College pursuant to RCW 4.92.100. Pursuant to RCW 4.92.110, the claim was rejected by the State on May 13, 2016.

13. Within the statutory time period, on May 13, 2016, plaintiff filed a tort claim, arising out of the events alleged herein, against the City of Seattle pursuant to RCW 4.96.020 and SMC 5.24.005. Pursuant to RCW 4.96.020(4) and SMC 5.24.005(C), the claim was rejected by operation of law on July 12, 2016.

## STATEMENT OF FACTS

14. On February 3, 2016, at approximately 12:00 p.m., plaintiff entered the Seattle Central Community College library, located at 1700 Broadway, Seattle, WA, 98122 and began reading magazines.

15. Plaintiff is an African American male.

COMPLAINT FOR DAMAGES - 3
BELLINGER V. CITY OF SEATTLE, ET AL.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

16. Prior to plaintiff entering the library, Yashimoto Saki, an adult Asian female, was using a computer when an adult Hispanic male sat one seat away from Saki, looked at her, exposed his penis to her, and appeared to masturbate in her presence. She did not look back at him and thus never saw his face.

17. Saki, disturbed by the Hispanic male's actions, got up and left the area, and spoke to a librarian about what she had seen. When she and the librarian returned to the area, nobody was sitting there.

18. Plaintiff, who had just entered the library, was then detained by Seattle Central and imprisoned by Security officer Joel J. Workinger without reasonable suspicion and even though plaintiff could not have been the person who committed the above acts. The school's own surveillance video confirms this.

19. The police were contacted, and plaintiff was detained until the police arrived. When the police arrived, Officer Tammy Frame, who lacked probable cause to arrest plaintiff for anything and who did not conduct an investigation, arrested plaintiff and charged him with Indecent Exposure in violation of SMC 12A.10.130. Plaintiff believes that his race was a factor in his hasty arrest because he was an African American male, and not because there was any evidence that he actually committed the above acts. Plaintiff was arrested at approximately 1:49 p.m.

20. At 2:14 p.m., after plaintiff had been arrested and removed from the scene, Officer Marty Malone interviewed Saki. She stated that she could not identify the man who exposed himself to her because she never really looked at him, but thought that he was wearing brown clothing and a hat. Plaintiff was wearing black clothing at the time. The school surveillance video, which was available prior to plaintiff's arrest, proves that plaintiff was guilty

COMPLAINT FOR DAMAGES - 4
BELLINGER V. CITY OF SEATTLE, ET AL.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

of no crime. This evidence was ignored by all of the defendants. Officer Malone failed to communicate to other officers that there was no probable cause to take plaintiff to jail, or that he should be released in violation of his Fourth Amendment rights.

21. Around 3:00 p.m., plaintiff was physically transported to King County Jail, where he was booked, fingerprinted, undressed, and forced to wear a red jumpsuit and photographed and given an incarceration number. Plaintiff was held in jail until the next day, more than 24 hours, before being released.

22. Based on the video, the charges against plaintiff were dismissed with prejudice.

23. Plaintiff had no previous criminal record, and suffered emotional pain, humiliation, anguish, anxiety, and fear while being wrongfully detained and arrested. Plaintiff spent more than 24 hours in jail for a crime he did not commit.

24. Sergeant Renner ratified the conduct of the other officers when he screened the arrest at the East Precinct.

25. Officer Malone participated in the process of arresting and detaining plaintiff when he filed a police report containing the false statement that Saki identified plaintiff, when in fact Saki could not identify anyone.

## FIRST CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Violation of Fourth Amendment – Unlawful Seizure and Arrest Without Probable Cause against defendants Frame, Malone, Renner, and Workinger)

26. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 25 with the same force and effect as if such paragraphs were separately realleged in this First Claim for Relief.

COMPLAINT FOR DAMAGES - 5
BELLINGER V. CITY OF SEATTLE, ET AL.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

27. The actions of Joel Workinger in detaining plaintiff and arresting plaintiff without reasonable suspicion or probable cause violated plaintiff's Fourth Amendment right to be free from deprivations of liberty without reasonable suspicion or probable cause in violation of 42 U.S.C. § 1983.

28. The actions of Officer Frame in arresting plaintiff without probable cause violated plaintiff's Fourth Amendment right to be free from deprivations of liberty without due process of law in violation of 42 U.S.C. § 1983.

29. The actions of Officer Malone in stating falsely in the police report that probable cause existed to arrest plaintiff and not communicating the fact that the victim could not identify anyone violated plaintiff's Fourth Amendment right to be free from deprivations of liberty without due process of law in violation of 42 U.S.C. § 1983.

30. The actions of Sergeant Renner in screening and approving plaintiff's arrest violated plaintiff's Fourth Amendment right to be free from deprivations of liberty without due process of law in violation of 42 U.S.C. § 1983.

31. Defendants Frame, Malone, Renner, and Workinger subjected plaintiff to such deprivations by malice and a reckless and conscious disregard of his rights for which an award of punitive damages is warranted.

32. The direct and proximate result of defendants' acts is that plaintiff was forced to endure mental pain and suffering and emotional distress, was deprived of his physical liberty, and incurred legal expenses.

## SECOND CLAIM FOR RELIEF

(42 U.S.C. § 1983 - Violation of Fourteenth Amendment - Equal Protection – against defendants Frame and Workingham)

COMPLAINT FOR DAMAGES - 6
BELLINGER V. CITY OF SEATTLE, ET AL.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

33. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 32 with the same force and effect as if such paragraphs were separately realleged in this Second Claim for Relief.

34. The actions of Joel Workinger in detaining and arresting plaintiff without reasonable suspicion and probable cause because he was African American, violated plaintiff's Fourteenth Amendment right to equal protection under the law in violation of 42 U.S.C. § 1983.

35. The actions of Officer Frame in arresting plaintiff without probable cause because he was African American, violated his Fourteenth Amendment right to equal protection under the law in violation of 42 U.S.C. § 1983.

### THIRD CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Monell Claim – City of Seattle)

36. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 35 with the same force and effect as if such paragraphs were separately realleged in this Third Claim for Relief.

37. Policymakers for the City of Seattle know to a moral certainty that City of Seattle police officers will be required to confront and detain persons suspected of criminal acts.

38. The City of Seattle has not sufficiently trained its officers in investigating, detaining, and making arrests only in cases where probable cause to arrest exists. Specifically, these officers have not been trained on whether to physically arrest someone who a victim has failed to identify.

39. Said failure to train has exposed those who are in compliance with the law to unreasonable seizures and arrests without probable cause.

COMPLAINT FOR DAMAGES - 7
BELLINGER V. CITY OF SEATTLE, ET AL.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

40. The need to train officers in the constitutional limitations on arrests without probable cause can be said to be "so obvious" that the failure to do so could properly be characterized as "deliberate indifference" to constitutional rights.

41. In general, the pleadings contain sufficient evidence to establish the following facts: (1) a violation of plaintiff's federally-protected rights, to wit, his Fourth Amendment rights; (2) inadequate training of employees, to wit, gross failure to ensure that probable cause existed as to plaintiff's arrest, given the circumstances; and (3) causation between the inadequate training and each of plaintiff's injuries.

42. The City of Seattle breached its duty of care to plaintiff as a citizen because it failed to adequately train its officers, including those named in this complaint. This lack of adequate supervisorial training is so gross that it demonstrates the existence of an informal custom or policy of promoting, tolerating, and ratifying the continuing unlawful arrests by officers employed by the City of Seattle.

43. The City of Seattle's improper training permitted each defendant officer to use poor judgment in assessing whether there was probable cause to arrest plaintiff.

44. The foregoing acts, omissions, and systemic failures are customs and policies of the City of Seattle, which caused its officers to believe that their unlawful arrest of plaintiff would not be probably investigated, with the foreseeable result that officers would likely cause the deprivation of rights that occurred in this case. Such conduct on the part of the City of Seattle renders it liable for its deputies' constitutional violations.

45. As a direct and proximate cause of the aforesaid acts, omissions, policies, customs, and ratification of the City of Seattle, the individual defendant deputies caused the constitutional violations and the damages described above.

COMPLAINT FOR DAMAGES - 8
BELLINGER V. CITY OF SEATTLE, ET AL.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

46. Defendant City of Seattle is liable for the harm to plaintiff described herein.

47. At all times herein mentioned, the City of Seattle had a mandatory duty of care to properly and inadequately hire, train, supervise, and discipline its officers so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, the City of Seattle failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights. The acts of the deputies as described above show that they do not know what constitutes probable cause to arrest because of inadequate training by the City of Seattle.

## FOURTH CLAIM FOR RELIEF

(Respondeat Superior – against defendants State of Washington, Seattle Central Community College, and the City of Seattle)

48. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 47 with the same force and effect as if such paragraphs were separately realleged in this Fourth Claim for Relief.

49. In doing the things herein alleged, defendants Malone, Renner, Frame, and Workinger were acting within the course and scope of their employment with the State of Washington, Seattle Central Community College, and/or the City of Seattle. The State of Washington, Seattle Central Community College, and the City of Seattle are therefore liable for the conduct of the individual defendants and for plaintiff's damages.

## FIFTH CLAIM FOR RELIEF

(False Arrest and False Imprisonment – against all defendants)

50. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 49 with the same force and effect as if such paragraphs were separately realleged in this Fifth Claim for Relief.

COMPLAINT FOR DAMAGES - 9
BELLINGER V. CITY OF SEATTLE, ET AL.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183

51. The actions of defendants as described above constitutes a false arrest and false imprisonment.

52. As a direct and proximate result of defendant officers' intentional conduct, plaintiff sustained economic and non-economic damages, including, without limitation, mental suffering, embarrassment, emotional distress, emotional trauma, and other mental pain and suffering; and other damages, which said damages will be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief against defendants:

A. For general and special compensatory damages for plaintiff and against defendant City of Seattle in the amount according to proof at trial;

B. For punitive damages against defendants Malone, Frame, Renner, and Workinger in the amount according to proof at trial;

C. For reasonable attorneys' fees and costs pursuant to the provisions of 42 U.S.C. § 1988 or any other applicable law;

D. For costs of suit incurred herein; and

E. For such other and further relief as the Court may deem just.

DATED this 14th day of July, 2016.

CIVIL RIGHTS JUSTICE CENTER, PLLC

*[signature]*

**Darryl Parker, WSBA #30770**
dparker@civilrightsjusticecenter.com

COMPLAINT FOR DAMAGES - 10
BELLINGER V. CITY OF SEATTLE, ET AL.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 577-7719 / Fax: (206) 659-0183