HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JIMI M. BELLINGER,

    Plaintiff,

    v.

THE STATE OF WASHINGTON, *et al.*,

    Defendants.

Case No. C16-1237-RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the Court on Defendant City of Seattle's Partial Motion to Dismiss Count III of Plaintiff's Complaint. Dkt. # 13. For the reasons that follow, the Court **DENIES** the City's motion.

## II.   BACKGROUND

The Court describes the facts as Plaintiff Jimi M. Bellinger alleges them in his complaint, Dkt. # 1-2, suggesting no opinion on whether these allegations will prove true. The Court cites the numbered paragraphs of the complaint using "¶" symbols.

On February 3, 2016, Yashimoto Saki was using a computer at the Seattle Central Community College ("Seattle Central") library when a man sat down nearby, exposed himself to her, and began masturbating. ¶¶ 14, 16. Without seeing the man's face, Saki immediately got up and reported his conduct to a librarian. ¶¶ 16-17. By then, however, the man had left. ¶ 17.

Bellinger, an African-American man, was reading magazines nearby. ¶¶ 3, 14-15.

ORDER – 1

A Seattle Central security guard detained him on suspicion that he was the man whom Saki had described. ¶ 18. Officers from the Seattle Police Department ("SPD") arrived, arrested Bellinger for indecent exposure, and removed him from the library. ¶¶ 19-20.

After Bellinger had been taken away, an SPD officer interviewed Saki who explained that she could not identify the man who exposed himself, but described him as wearing brown clothes and a hat. ¶ 20. Bellinger was wearing black clothing. *Id.* Surveillance video, which was available to the officers prior to Bellinger's arrest, unequivocally shows that Bellinger was not the man who had exposed himself to Saki. *Id.* The officers, however, ignored this video and all other evidence demonstrating that they lacked probable cause to arrest him. *Id.*

Bellinger was transported to King County Jail, where he was held for more than twenty-four hours. ¶ 21. Bellinger's unlawful detention caused him to suffer significant emotional harm. ¶ 23. Based on the surveillance video, all charges against him were dismissed with prejudice. ¶ 22.

On July 19, 2016, Bellinger filed a civil rights action against the officers, the security guard, the City of Seattle, the State of Washington, and Seattle Central. Dkt. # 1-2. Bellinger alleges that his arrest was unsupported by probable cause and that he was targeted as a suspect based on his race. ¶¶ 19, 34. Among Bellinger's causes of action is a *Monell* claim against the City of Seattle for failing to properly train its officers and thereby causing his unlawful and discriminatory arrest. ¶¶ 36-47. The City of Seattle timely removed the action to this Court and moved to dismiss the *Monell* claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. ## 1, 13. Bellinger opposes the motion. Dkt. # 17.

### III.  LEGAL STANDARD

Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504

ORDER – 2

F.3d 903, 910 (9th Cir. 2007).  A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).  If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief.  *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

When resolving a motion to dismiss, a court typically cannot consider evidence beyond the four corners of the complaint.  It may, however, consider certain materials, including those subject to judicial notice, without converting the motion into a motion for summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Under Rule 201, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  Certain public records qualify under the second category, including the "records and reports of administrative bodies." *Ritchie*, 342 F.3d at 909 (quoting *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953)).

## IV.  DISCUSSION

The City of Seattle contends that Bellinger's *Monell* claim must be dismissed with prejudice under Rule 12(b)(6) because the factual allegations underlying the claim are insufficient to state a plausible claim for relief.  In support of its motion, the City of Seattle requests that the Court take judicial notice of an SPD manual providing that arrests shall be made only in situations where probable cause exists.  Because the SPD manual is a public record that qualifies as a record or report of an administrative body, the Court will take notice of this manual in resolving the instant motion.  *See Ritchie*, 342

ORDER – 3

F.3d at 909.

"In order to establish liability for governmental entities under *Monell*, a plaintiff must prove '(1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.'" *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (brackets omitted)). "Failure to train may amount to a policy of 'deliberate indifference,' if the need to train was obvious and the failure to do so made a violation of constitutional rights likely." *Id.* (citing *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)).

Here, Bellinger alleges that his constitutional rights under the Fourth and Fourteenth Amendments were violated when SPD officers arrested him without probable cause and on the basis of his race. ¶ 45. According to Bellinger, these constitutional violations occurred as a direct result of the City of Seattle's failure to train its officers on how to accurately assess whether an arrest is supported by probable cause. ¶ 38. He alleges that this failure to train is particularly acute in situations where a victim has failed to identify a suspect under consideration for arrest. *Id.*

Assuming the truth of Bellinger's factual allegations and crediting all reasonable inferences arising therefrom, he has adequately alleged the elements required to state a *Monell* claim for relief against the City of Seattle. First, as alleged, the City of Seattle deprived Bellinger of his constitutional rights when it arrested him on the basis of equivocal witness testimony and in spite of exonerative surveillance video. Second, as alleged, the City of Seattle's failure to train its officers on what constitutes probable cause is a "policy of 'deliberate indifference'" because the need to train officers on this point is abundantly clear and the failure to do so will likely result in constitutional violations. *Dougherty*, 654 F.3d at 900. The City of Seattle's SPD manual does not

ORDER – 4

render this factual allegation implausible.  While the manual provides that "Officers Must Have Probable Cause That a Suspect Committed a Crime in Order to Effect an Arrest," it says nothing of the training devoted to substantiating and implementing this requirement among the officer ranks.  Dkt. # 14-2 at 2.  Third, as alleged, the City of Seattle's failure to properly train its officers resulted in the deprivations of Bellinger's constitutional rights.  Because Bellinger has sufficiently alleged a *Monell* claim, the City of Seattle's motion to dismiss under Rule 12(b)(6) is denied.

## V.  CONCLUSION

For the reasons stated above, the Court **DENIES** the City's Partial Motion to Dismiss Count III of Plaintiff's Complaint.  Dkt. # 13.

DATED this 16th day of February, 2017.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 5